[No. 10,205.]

## EX PARTE RICKLETON.

DEFENDANT IN AN ATTACHMENT SUIT.—A defendant in an action, against whom a writ of attachment has been issued, cannot be compelled to attend before the judge or a referee, and submit to an examination as to the condition and situation of his property, nor can he be compelled to deliver up his property.

IDEM.—Section 545 of the Code of Civil Procedure refers to persons owing debts to, or having possession of, personal property belonging to the defendant in an attachment suit.

APPLICATION to the Supreme Court to be discharged on habeas corpus.

An action was commenced by James Morgan, in the Twelfth District Court, against Rickleton, and an attachment was issued. Upon the affidavit of Morgan, that Rickleton had property subject to attachment and execution, the judge appointed W. H. Rhodes a referee to examine the defendant as to his property. The referee made an order requiring the defendant to appear before him on the 24th of February, 1876, at one o'clock P. M., to undergo such examination, but Rickleton refused to obey the order; whereupon he was cited to appear before the judge to answer for the contempt. Rickleton admitted his disobedience of the order, but alleged that the referee had no authority to make it. The judge directed him to be imprisoned one day for the contempt, and until he should answer before the referee.

*Delos Lake,* for the Petitioner.

*Stewart & Greathouse,* contra.

By the Court, WALLACE, C. J.:

The question in this case is whether a defendant in a civil action, before judgment, against whose property a writ of attachment has been issued, may be compelled to attend before a referee and submit to an examination as to the situation and condition of his property.

The only supposed authority for such a step is found in section 545 of the Code of Civil Procedure. But in my opinion the purpose of that section is confined to proceedings against persons owing debts to the defendant, or having possession of credits or other personal property belonging to the defendant. It is, in that section, provided in terms that such persons may be required to submit to examination touching such debts or such property, and the order to be made, or which may be made, as the result of such an examination, manifestly refers to the disposition of property not in the hands or under the personal control of the defendant, but in the possession or under the control of the garnishee. The provision found in that section, to the effect that the defendant may also be required to attend for the purpose of giving information respecting his property, does not look to the entry of an order directing him to surrender property in his own possession, but merely to give such information, under oath or otherwise, as will facilitate the examination of a garnishee under examination.

It results from this view that the petitioner must be discharged, and it is so ordered.

Mr. Justice CROCKETT, and Mr. Justice McKINSTRY, dissented.